IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2223-D

| | | |
|---|---|---|
| MICHAEL RAYVON FOWLKES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J. HALL, Supt., | ) | |
| Johnston Correctional Inst., | ) | |
| | ) | |
| Respondent. | ) | |

Michael Rayvon Fowlkes ("petitioner" or "Fowlkes"), a state inmate, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On August 15, 2011, the court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and allowed it to proceed [D.E. 5]. On August 25, 2011, respondent answered the petition [D.E. 7] and filed a motion for summary judgment [D.E. 8]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Fowlkes about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 10]. On September 13 and 19, 2011, Fowlkes responded in opposition [D.E. 11–12]. As explained, the court grants respondent's motion for summary judgment [D.E. 7].

I.

On December 8, 2008, in Cumberland County Superior Court, Fowlkes pleaded guilty to robbery with a dangerous weapon, two counts of common law robbery, and speeding to elude arrest; the court imposed a sentence of 117 to 150 months. Pet. 1; see Mot. Summ. J., Exs. 1–2 (plea transcript form and criminal judgment). On September 25, 2009, Fowlkes filed a motion for

appropriate relief ("MAR") in the Superior Court of Cumberland County, asserting ineffective assistance of counsel.[1] Pet. 1; Mot. Summ. J., Ex. 3. On July 13, 2010, the state court summarily denied the MAR. Pet. 2; Mot. Summ. J., Ex. 5 (MAR order). On July 20, 2010, Fowlkes filed a certiorari petition in the North Carolina Court of Appeals, which that court denied on August 12, 2010. Pet. 2; Mot. Summ. J., Exs. 6 (petition), 8 (Court of Appeals order). While his MAR was pending, Fowlkes filed a habeas petition on December 8, 2009, which this court dismissed without prejudice for failure to exhaust administrative remedies. Fowlkes v. Jones, No. 5:09-HC-2155-D, [D.E. 8] (E.D.N.C. Oct. 1, 2010) (unpublished). Fowlkes signed the instant petition October 11, 2010, and filed it on October 14, 2010.

II.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249.

---

[1] Giving Fowlkes the benefit of the prison mailbox rule, and construing the record in the light most favorable to Fowlkes, the court considers Fowlkes's MAR as filed on September 25, 2009. See Houston v. Lack, 487 U.S. 266, 275–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam). Additionally, the court will use the prison mailbox rule in construing the filing date for Fowlkes's other pleadings.

2

In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state-court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see Hardy v. Cross, 132 S. Ct. 490, 493–94 (2011) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, 132 S. Ct. 2, 4–8 (2011) (per curiam); Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

3

Congress intended the AEDPA standard to be difficult to meet. Harrington v. Richter, 131 S. Ct. 770, 786 (2011). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. In order to prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis to deny relief." Id. at 784; DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011), cert. denied, No. 11-6640, 2011 WL 4528510 (U.S. Dec. 5, 2011).

Fowlkes asserts four grounds for relief, all of which pertain to the voluntariness of his plea: (1) that he received ineffective assistance of counsel because his plea was coerced and made involuntarily, Pet. 5; (2) that counsel was ineffective because he coerced Fowlkes into pleading guilty, id. 6–7; (3) that Fowlkes's "plea was coerced and not made volunta[ri]ly[,]" id. 8; and (4) that Fowlkes "was tried while on mind impair[ment] drugs[,]" rendering his plea involuntary, id. 9–10. Because Fowlkes's claims are so closely intertwined with one another, the court addresses them as a single claim.

A.

Respondent argues that the petition is untimely and cites the fact that the MAR court did not receive Fowlkes's MAR as filed until November 30, 2009. Mem. Supp. Mot. Summ. J. 2–11. Given that Fowlkes apparently signed the MAR on September 25, 2009, the record is muddled as to timeliness. See Pet. 1; Mot. Summ. J., Ex. 3. Moreover, timeliness is not a jurisdictional prerequisite under the AEDPA. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010); Day v. McDonough, 547 U.S. 198, 205 (2006); Simms v. Acevedo, 595 F.3d 774, 779 (7th Cir. 2010); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008); Trussell v. Bowersox, 447 F.3d 588, 590 (8th Cir. 2006). Accordingly, the court assumes, without deciding, that Fowlkes's petition was timely filed.

B.

As for the merits, the Sixth Amendment right to counsel includes the right to the effective assistance of counsel at trial and on direct appeal. See Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam); Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of trial counsel, a habeas petitioner must establish two things. First, a petitioner must show that the counsel's performance was deficient in that it was objectively unreasonable under prevailing professional norms. See Van Hook, 130 S. Ct. at 16; Strickland, 466 U.S. at 687-91. In reviewing this element, a court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.; Gray v. Branker, n529 F.3d 220, 228-29 (4th Cir. 2008). Second, a petitioner must show there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.

Where, as here, the petitioner entered a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010). The court must make an objective assessment of "the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

5

The United States Supreme Court has instructed courts not to lightly disregard sworn statements in a plea hearing:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73–74 (1977).

Here, during Fowlkes's plea colloquy, Fowlkes swore under oath that – among other things – he was not under the influence of any alcohol, drugs, medicines,[2] pills, or other intoxicants, that he was satisfied with his attorney's legal services, and that no one had made any other promises or threatened him in any way to make him plead against his wishes. Mot. Summ. J., Ex. 1 (plea transcript form). Before sentencing Fowlkes, the state superior court obtained a sentencing plan which described Fowlkes's history of substance abuse and mental health treatment, and noted that Fowlkes was being treated with Paxil for depression. Mem. Opp'n Mot. Summ. J., Exs. 3–7. Fowlkes has offered nothing to suggest that the outcome of a trial would have been materially different, nor has he shown that the MAR court's ruling on this issue reached a result contrary to, or involved an unreasonable application of, clearly established federal law. See Padilla, 130 S. Ct. at 1485 (2010); Hill, 474 U.S. at 59; Blackledge, 431 U.S. at 73–74; Meyer, 506 F.3d at 369.

---

[2] There is a handwritten notation in response to this question on Fowlkes's plea transcript form stating "should have said Paxil[.]" Mot. Summ. J., Ex. 1. It is not clear whether this notation was made before or after the trial court found that Fowlkes was competent to enter his plea and entered judgment against him. See Money v. United States, No.1:02CV183/1:99CR73, 2006 WL 752571, at *6 (E.D. Tenn. Mar. 22, 2006) (unpublished) ("Petitioner has not submitted any competent evidence suggesting the mere use of the drug Paxil prevents [him] from telling the truth or causes [him] severe cognitive difficulties."); see also Fitzpatrick v. Bradshaw, No. 1:06-cv-356, 2009 WL 3734143, at *17 (S.D. Ohio Nov. 5, 2009) (unpublished).

Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)–(e). Moreover, to the extent Fowlkes now relies on evidence that he did not present to the MAR court, Mem. Opp'n Mot. Summ. J., Exs. 2 (Saunders aff.), "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Thus, Fowlkes's petition fails.

III.

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 8], and DISMISSES Fowlkes's application for a writ of habeas corpus [D.E. 1]. The court also DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court shall close this case.

SO ORDERED. This 25 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge